**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Nathan and Sons, LLC, a
Wyoming limited liability company,

Plaintiff,

Case No.: 26-1740

v.

Strategic Nexus, LLC, a
New Jersey limited liability company,

Defendant.

---

John Di Giacomo (P73056)
Eric Misterovich (P73422)
REVISION LEGAL, PLLC
Attorneys for Plaintiff
8051 Moorsbridge Rd.
Portage, Michigan 49024
T: (269) 281-3908
F: (231) 714-0200
john@revisionlegal.com
eric@revisionlegal.com

---

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff Nathan and Sons, LLC, by and through its attorneys Revision Legal, PLLC, states the following for its Complaint:

## PARTIES

1. This action arises from Strategic Nexus, LLC's ("LarineCo") systematic scheme to trade on the goodwill, intellectual property, and market success of Nathan & Sons, LLC ("Nathan") by copying Plaintiff's packaging designs and advertisements, distributing counterfeit and misbranded products, misappropriating Plaintiff's advertising content and affiliate marketing

materials, and deceiving consumers through false social proof, fabricated endorsements, and misleading ingredient representations.

2. Nathan is a leading seller of remineralizing underbrush gum and, at all relevant times, was one of the top-performing brands on TikTok Shop, ranking as high as the #8 highest-grossing brand on that platform.

3. Rather than compete fairly, LarineCo copied Nathan's distinctive packaging, replaced Plaintiff's name with its own, and shipped a counterfeit product consisting of a sugar-cube-like, non-gum substance in packaging virtually identical to Plaintiff's.

4. LarineCo further stole Plaintiff's advertisements and promotional videos, including at least two original Nathan advertisements, and republished them as LarineCo's own in paid ads across multiple platforms, many of which generated more than one million views.

5. LarineCo's conduct constitutes copyright infringement, false advertising, unfair competition, and violations of both federal and Colorado law.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. § 101 et seq., and the Lanham Act, 15 U.S.C. § 1501 et seq.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because LarineCo has marketed, sold, and advertised the infringing and falsely advertised products to consumers in Colorado, and a substantial part of the events giving rise to these claims occurred in this District.

9. This Court has personal jurisdiction over Defendant pursuant to Colorado's long-arm statute, C.R.S. § 13-1-124. Defendant has transacted business and committed tortious acts within Colorado. Defendant purposefully directs its commercial activities toward Colorado by marketing, advertising, offering for sale, and regularly selling the accused products to Colorado residents, including through interactive online platforms accessible in Colorado. Defendant derives revenue from Colorado sales and knowingly exploits the Colorado market. Plaintiff's claims arise directly out of Defendant's Colorado-directed activities. Defendant's copyright infringement and false advertising were disseminated to and accessible by Colorado consumers and resulted in sales within Colorado. Plaintiff is located in Colorado, and Defendant knew or reasonably should have known that its intentional infringement and deceptive conduct would cause injury to Plaintiff in Colorado.

**PARTIES**

10. Plaintiff Nathan is a Wyoming limited liability company with its principal place of business in Denver, Colorado.

11. Plaintiff Nathan is engaged in the design, marketing, and sale of remineralizing underbrush gum throughout the United States.

12. Remineralizing underbrush gum is a specialized oral care product designed to help restore essential minerals to tooth enamel and promote overall gum health. It works by delivering minerals such as calcium and phosphate directly to the teeth, which can strengthen enamel, reduce sensitivity, and support the natural repair process of minor enamel erosion. Additionally, the gum helps maintain a healthy oral environment by stimulating saliva production, which further aids in protecting teeth and gums from decay and irritation.

13. Defendant LarineCo is a New Jersey limited liability company with its principal place of business in Point Pleasant, New Jersey.

14. Defendant LarineCo also purports to design, manufacture, and sell remineralizing underbrush gum.

**FACTS**

15. Nathan is a designer, manufacturer, and online retailer of remineralizing underbrush gum.

16. Nathan's Underbrush Gum is well and widely known and has resulted in Nathan becoming one of the top-performing brands on TikTok Shop, ranking as high as the #8 highest-grossing brand on that platform through the sale of its Underbrush Gum.

17. Nathan developed its original, creative packaging designs for its Underbrush Gum, including its distinctive visual artwork, layout, color schemes, and trade dress (the "Packaging").




18. Nathan has filed for and has obtained copyright registration of the Packaging with the US Copyright Office, which is registered under Reg. Number VA 2-497-946. **Exhibit A**, Packaging Copyright Registration.

19. Nathan has also created original advertising for its Underbrush Gum, including short-form advertisements used on TikTok and other platforms.

20. These short-form videos include Nathan.and.sons 4.18.24, which is a short-form video advertisement created and distributed by Nathan (the "Advertisement"). Exhibit B, Advertisement Copyright Registration.

21. Both the Advertisement and the Packaging are original works of creative authorship owned by Nathan.

22. Beginning in or around the fall of 2024, LarineCo began selling a product using packaging that was identical to the Nathan Packaging, with the sole material change being the replacement of Plaintiff's name with "LarineCo."




23. To determine what was being shipped to consumers, Nathan made a test purchase from LarineCo to determine whether the composition of its product was similar to Nathan's.

24. Mass spectrometer results showed that LarineCo was not only shipping product in packaging nearly identical to Nathan's product packaging, but the product contained within the package contained almost no Xylitol, the active ingredient in remineralizing gum.

25. Additionally, the analysis identified that LarineCo's product contained synthetic cooling agents, along with starch acetate, maltitol, and hydrolyzed starch syrup, all of which were not listed on the LarineCo box as ingredients.

26. Consequently, LarineCo's counterfeit product is a sugar-cube-like substance that is not chewing gum, despite being marketed and sold as such.

27. Numerous consumers have complained widely about LarineCo's counterfeit products, including on third-party websites such as Reddit, TrustPilot, and the Better Business Bureau, describing the product as insoluble, unpleasant, and inconsistent with its advertisements as a gum product.

28. Moreover, even after later introducing packaging bearing LarineCo's own branding, LarineCo continued to use Nathan's copyrighted artwork on inner packaging components.

29. LarineCo also repeatedly downloaded Nathan's original TikTok videos and republished them as paid advertisements on Meta platforms and other advertising channels, falsely representing the content as LarineCo's own.

30. At least two of these advertisements were original Nathan ads protected by copyright and were reproduced, publicly displayed, and distributed by LarineCo without authorization.

31. Many of these infringing advertisements generated over one million views, demonstrating willful infringement and substantial commercial benefit.

32. Moreover, LarineCo has engaged in a pattern of false and misleading advertising.

33. Specifically, LarineCo has displayed AI-generated "dentists" and fabricated professional endorsements.

34. It has used the logos of major publications, including Forbes and the New York Times, to falsely imply media coverage that does not exist.

35. It has claimed tens of thousands of satisfied customers and five-star reviews that are inconsistent with review counts on third-party review platforms.

36. It has paid affiliates to publicly disparage Nathan's products on social media.

37. These statements and representations were false and misleading, material to consumers' purchasing decisions, and made in interstate commerce.

38. In contrast to LarineCo's products, Nathan's genuine Underbrush Gum contains only xylitol and erythritol as sweeteners and does not include synthetic cooling agents.

39. Independent laboratory testing of LarineCo's product revealed the presence of sucralose, synthetic cooling agents commonly associated with vape and nicotine products, and other ingredients not disclosed on LarineCo's packaging.

40. These undisclosed ingredients contradict LarineCo's marketing claims and further mislead consumers as to the nature and quality of the product.

## CLAIMS FOR RELIEF

### COUNT I – Copyright Infringement (Advertisements)

41. Plaintiff incorporates all prior paragraphs as if fully restated herein.

42. Nathan owns valid, registered copyrights in at least two original advertisements copied and used by LarineCo. (Reg. Nos. PA 2-579-737 and PA 2-579-734). **Exhibits B and C**.

43. LarineCo. Copied, reproduced, publicly displayed, and distributed these advertisements without authorization.

44. LarineCo's infringement was willful and for commercial advantage.

45. As a result, Plaintiff has suffered damages and is entitled to actual damages, disgorgement of profits, and injunctive relief.

**COUNT II – Copyright Infringement (Packaging Design)**

46. Plaintiff incorporates all prior paragraphs as if fully restated herein.

47. Nathan's packaging constitutes an original work of created authorship that is protected under copyright law.

48. Nathan has sought and received copyright registration for the Packaging with the US Copyright Office (Reg. No. VA 2-497-946).

49. LarineCo copied and distributed packaging substantially similar to Nathan's Packaging without license or authorization.

50. LarineCo's acts constitute willful copyright infringement under the law.

51. As a result, Plaintiff has suffered damages and is entitled to actual damages, disgorgement of profits, and injunctive relief.

**COUNT III – False Advertising and Unfair Competition (15 U.S.C. § 1125(a))**

52. Plaintiff incorporates all prior paragraphs as if fully restated herein.

53. Defendant has made, used, or distributed false or misleading statements of fact in commercial advertisements or promotions regarding the nature, characteristics, or origin of its products, which are substantially similar to Plaintiff's products and packaging.

54. These statements or representations actually deceived, or had the tendency to deceive, a substantial segment of the intended audience, including consumers in Colorado and elsewhere.

55. The deception is material, in that it is likely to influence the purchasing decisions of consumers who are misled into believing Defendant's products are affiliated with, authorized by, or identical to Plaintiff's products.

56. Misrepresentations regarding a product's ingredients—including composition, quantity, and presence of specific compounds—are material because such characteristics are central to consumer purchasing decisions. *See Vitamins Online, Inc. v. Heartwise, Inc.*, 71 F.4th 1222, 1237 (10th Cir. 2023) (upholding liability where the defendant falsely represented content and attributes of dietary supplements).

57. Defendant's false or misleading statements were made in interstate commerce, including through interactive online platforms accessible to and targeting Colorado residents and other U.S. consumers.

58. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and will continue to suffer, economic harm, loss of goodwill, and irreparable injury for which Plaintiff is entitled to damages, disgorgement of profits, injunctive relief, and all remedies available under the Lanham Act.

**COUNT IV – Unfair Competition and Deceptive Trade Practices (Colorado Consumer Protection Act, C.R.S. § 6-1-101 et seq.**

59. Plaintiff incorporates all prior paragraphs as if fully restated herein.

60. Defendant has engaged in deceptive trade practices in the course of business, including but not limited to: making false or misleading statements concerning the characteristics, ingredients, origin, or approval of Defendant's products and packaging; misrepresenting the standards, quality, and grade of Defendant's products; and misrepresenting the affiliation or authorization of its products with Plaintiff in violation of C.R.S. § 6-1-105.

61. The deceptive acts and practices occurred in the course of Defendant's business, vocation, or occupation and were directed at Colorado consumers, including through online platforms accessible in Colorado.

62. Defendant's conduct was knowing or reckless, and the misrepresentations had the capacity to deceive, and did in fact deceive, a substantial segment of the public, including Colorado consumers.

63. As a direct and proximate result of Defendant's violations of the Colorado Consumer Protection Act, Plaintiff has suffered economic harm, loss of goodwill, and irreparable injury. Plaintiff is entitled to damages, injunctive relief, and all remedies available under C.R.S. § 6-1-113 and other applicable provisions of Colorado law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant the following relief:

A. A permanent injunction enjoining Defendant, and all those acting in concert with Defendant, from further infringing Plaintiff's rights, including but not limited to the continued use of Plaintiff's copyrighted works, trade dress, or any other false or misleading representations related to Plaintiff or Plaintiff's products.

B. An order requiring Defendant to remove and recall any false or misleading statements, advertising, packaging, or other materials distributed to the public that misrepresent the nature, origin, or authorization of Defendant's products.

C. An award to Plaintiff of all actual, statutory, and exemplary damages sustained as a result of Defendant's unlawful acts, including but not limited to lost profits, loss of goodwill, and other consequential damages, as permitted by law.

D. Disgorgement of all profits unjustly obtained by Defendant as a result of its unfair competition and deceptive trade practices.

E. An award of Plaintiff's reasonable attorneys' fees, costs, and expenses, as provided by the Lanham Act, Colorado Consumer Protection Act, and other applicable law.

F. Pre-judgment and post-judgment interest as allowed by law.

G. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

REVISION LEGAL, PLLC

Dated: April 23, 2026

By: /s/ John Di Giacomo
John Di Giacomo
Eric Misterovich
REVISION LEGAL, PLLC
Attorneys for Plaintiff
444 Cass St., Suite D
Traverse City, Michigan 49684
T: (231) 714-0100
F: (231) 714-0200
john@revisionlegal.com
eric@revisionlegal.com

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

REVISION LEGAL, PLLC

Dated: April 23, 2026

By: /s/ John Di Giacomo
John Di Giacomo
Eric Misterovich
REVISION LEGAL, PLLC
Attorneys for Plaintiff
444 Cass St., Suite D
Traverse City, Michigan 49684
T: (231) 714-0100
F: (231) 714-0200
john@revisionlegal.com
eric@revisionlegal.com